G. W. Hardy and George Turbush v. John W. Jones.

No. 12134. (64 Pac. 969.)

SYLLABUS BY THE COURT.

Principal and Agent— *Illegal Contract—Accounting.* An agent entrusted with money to purchase property at a judicial sale, under an agreement which had for one of its objects the suppression of competition at the sale, who executes the agreement by making the purchase, cannot withhold a surplus portion of the fund

placed in his hands on the ground that the agreement by which he obtained it was illegal as against public policy, but must account for it to his principal.

Error from Reno district court; F. L. MARTIN. judge.   Opinion filed May 11, 1901.   Division one. Affirmed.

*Wright & Stout,* and *F. F. Prigg,* for plaintiffs in error.

*Carr W. Taylor,* and *John W. Roberts,* for defendant in error.

The opinion of the court was delivered by

DOSTER, C. J. : This was an action of accounting brought by John W. Jones against G. W. Hardy and George Turbush.   It was tried to a jury and a verdict and judgment rendered in plaintiff's favor.   Error has been prosecuted to this court.

A recital of the facts out of which the controversy grew is unnecessary.   The plaintiffs in error admit that they purchased real estate for the defendant in error with money furnished by him, and that a surplus of the money remains in their hands.   They give reasons, from their standpoint, for their failure to account to him for all the money, but the jury found against them and the finding is conclusive.   A special defense of Turbush concerning one matter will be presently noticed.   The money was placed with the plaintiffs in error in pursuance of a contract to buy property at a judicial sale, which contract, they say, had for its object the suppression of competition—the prevention of bidding at the sale.   Such contract, they say, was void as against public policy, and disentitles Jones to compel an accounting of the money received from him.   The latter part of the proposi-

tion, the conclusion from the premise of invalidity, is not the law, and if any court has ever held it to be such we have no hesitation in refusing to follow the precedent. As long as an illegal contract remains unexecuted neither party can be held to its terms. At any time before Hardy and Turbush had acted in behalf of Jones the latter might have revoked their authority, or they upon their part might have refused to execute their agency, but even in such case the agents could have been compelled to account to their principal for his money. So, likewise, will they be compelled to account for any unexpended balance remaining over from the execution of the illegal agreement. The surplus money now held by them is not held in pursuance of an illegal agreement, because that agreement has been consummated. Its repayment to Jones will not be in furtherance of an agreement to suppress competition at a judicial sale. The sale has been had, and the unexpended purchase-money is now held by plaintiffs in error the same as they would hold any other money of the defendant in error. The case is quite like that of *Brooks v. Martin*, 2 Wall. 70, 17 L. Ed. 732, in which it was ruled:

"After a partnership contract confessedly against public policy has been carried out, and money contributed by one of the partners has passed into other forms—the results of the contemplated operation completed—a partner, in whose hands the profits are, cannot refuse to account for and divide them on the ground of the illegal character of the original contract."

The reasoning in that case and authorities cited entirely dispose of the contention of the plaintiffs in error in this case. (See, also, *Fox v. Cash*, 11 Pa. St. 207.)

Turbush claims that he is not liable because he did

Hardy v. Jones.

not make an agreement with Jones in his own behalf in relation to the purchase of the property, but made it in behalf of an incorporated company of which he was president, and therefore that it, if anybody, was liable; and he further says that his only object was to secure from Jones the payment of an indebtedness due to his company, and also that the verdict of the jury was inclusive of an amount which Jones agreed that he should have as payment of his company's claim.   We are of the opinion, from an examination of the evidence, that Jones did promise to pay the claim of Turbush's company out of the fund primarily designed for the purchase of the land, but we are also of the opinion that the jury did not include that amount in their verdict.   The verdict of the jury in behalf of Jones is not large enough to include the sum which he promised to devote to the payment of the company's claim.   Under the court's instructions, the jury could exclude it from their verdict and we believe they did so.   Aside from the one matter specially mentioned, there was abundant evidence to show Turbush to be equally liable with Hardy to account to Jones.

The judgment of the court below will be affirmed.

SMITH, ELLIS, POLLOCK, JJ., concurring.